UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIAM JORDAN, | CASE NO. |
| Plaintiff, | HON. |
| v. | |
| PFIZER INC. | Removed from Kalamazoo County Circuit Court Case No. 25-0523-CZ |
| Defendant. | Hon. Gary C. Giguere, Jr. |

| | |
|---|---|
| William Jordan | JACKSON LEWIS P.C. |
| Plaintiff *In Pro Se* | Emily M. Petroski (P63336) |
| 1912 Colgrove Avenue | Attorneys for Defendant |
| Kalamazoo, MI  49048 | 2000 Town Center, Suite 1650 |
| (616) 848-8526 | Southfield, MI  48075 |
| research@dtc-intl.com | (248) 936-1900 |
| | emily.petroski@jacksonlewis.com |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331(a); 1332(a), 1367, 1391, 1441(b), and 1446, Defendant Pfizer Inc. ("Pfizer"), through its attorneys, removes this action from the State of Michigan Kalamazoo County Circuit Court, where it is now pending, to the United States District Court for the Western District of Michigan. In support of Pfizer's Notice of Removal, Pfizer states as follows:

**OVERVIEW**

1.      This case is removable to the United States District Court pursuant to 28 U.S.C. §§ 1332 because: (a) the amount in controversy, exclusive of interests and costs, exceeds $75,000; and (b) Plaintiff William Jordan ("Plaintiff") and Pfizer are citizens of different states. Specifically, Plaintiff is a citizen of Michigan and Pfizer is a foreign corporation.

2.      This Notice of Removal is timely filed under 28 U.S.C. § 1446.

**SERVICE OF THE SUMMONS AND COMPLAINT**

3.      On or about August 13, 2025, Plaintiff filed an Amended Verified Complaint ("Complaint") in the State of Michigan Kalamazoo County Circuit Court alleging ten Counts: Count I – "Retaliation for Safety, Ethics, and Innovation Advocacy (WPA-aligned)"; Count II – "Abuse of Process"; Count III – "Conflict of Interest and Ethics Misconduct"; Count IV – "Negligent Supervision and Retention"; Count V – "Failure to Investigate, Discipline or Document (FDA Risk)"; Count VI – "Breach of Implied Good Faith"; Count VII – "Retaliation for Executive Innovation Advocacy"; Count VIII – "Wrongful Termination"; Count IX – "Defamation and Credibility Damage"; Count X – "Hostile Work Environment". (Exhibit 1, Summons and Compl.) The state court's docket indicates, however, that prior to that, on August 12, 2025, Plaintiff filed a 710 page Verified Complaint.

4. On August 25, 2025, Pfizer's resident agent received a Summons and copy of Plaintiff's 807 page Amended Verified Complaint.

5. A copy of the Summons and Amended Verified Complaint attached as Exhibit 1 constitutes all process, pleadings, and orders which Pfizer has received to date in the pending state court action.

## STATEMENT OF GROUNDS FOR REMOVAL

6. 28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."

7. 28 U.S.C. § 1332(a) grants original jurisdiction in the United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between … (1) citizens of different States."

8. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because (a) the amount in controversy, excluding interests and costs, exceeds $75,000; and (b) Plaintiff and Pfizer are citizens of different states.

9. Removal is timely under 28 U.S.C. § 1446 because Pfizer filed this Notice of Removal within 30 days after a copy of Plaintiff's Amended Verified Complaint was received.

## AMOUNT IN CONTROVERSY

10. Plaintiff's Amended Verified Complaint estimates that his total compensatory damages are $9,150,000, and thereby expressly seeks damages in excess of $75,000. While Pfizer denies that it is liable to Plaintiff for any damages, Pfizer has a good faith belief based on the allegations in Plaintiff's Amended Verified Complaint that the alleged amount in controversy is in excess of this Court's jurisdictional threshold of $75,000, excluding interest and costs. *See* 28 U.S.C. § 1332(a).

11. In the Sixth Circuit, even where a plaintiff's state court complaint is silent as to the total amount of damages claimed, the removing defendant need only establish that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

12. Here, where Plaintiff asserts that his damages exceed nine million dollars, it is more likely than not that the amount in controversy exceeds $75,000. Thus, Pfizer has a good faith belief based on the allegations in Plaintiff's Amended

Verified Complaint that the alleged amount in controversy is in excess of this Court's jurisdictional threshold of $75,000, excluding interest or costs. *See* 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

13. Upon information and belief, at the time that Plaintiff filed his lawsuit and through the current date, Plaintiff is an individual who resides in Michigan. (Ex. 1, Amended Verified Complaint)

14. Pfizer is a foreign entity. More specifically, Pfizer is incorporated in Delaware with its principal place of business in New York.

15. Accordingly, removal is proper under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the state of Michigan and Pfizer is a citizen of another state, and therefore complete diversity exists between Plaintiff and Pfizer.

## VENUE

16. Venue lies in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1441 because the state court action was filed in Kalamazoo County, Michigan. (Ex. 1.)

## REMOVAL

17. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

18. Thus, this action is properly removable under 28 U.S.C. § 1441(a)-(b) because the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

19. Pursuant to 28 U.S.C. § 1446(b)(1), Pfizer files this Notice of Removal within 30 days after it received notice of the Summons and Amended Verified Complaint.

20. Pfizer has not filed an Answer or other responsive pleading in the state court action.

21. Pfizer has paid or will pay the filing fees prescribed by this Court's rules.

22. This Notice of Removal is being served upon Plaintiff by mail, and a copy of the Notice of Removal is being filed with the Clerk of the Kalamazoo County Circuit Court pursuant to 28 U.S.C. § 1446(d).

## **NO WAIVER**

23. Pfizer submits this Notice of Removal without consenting to the jurisdiction of this or any other Court, Plaintiff having agreed to arbitrate his claims, and without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has asserted any claim upon which relief can be granted, and otherwise preserving all available defenses available to it, as well as all rights Pfizer may have to move to compel arbitration or otherwise move to dismiss Plaintiff's Complaint,

or enforce any arbitration agreement or other obligations or agreements to which Plaintiff may be bound, and while maintaining that Plaintiff's claims must be compelled to arbitration, or otherwise dismissed for those reasons set forth more fully in Pfizer's corresponding Motion to Dismiss and Compel Arbitration, Or Otherwise Dismiss Plaintiff's Claims in Their Entirety.

WHEREFORE, Pfizer respectfully requests that the United States District Court for the Western District of Michigan accept jurisdiction of this action for the sole purpose of ruling on Pfizer's Motion to Dismiss and Compel Arbitration, Or Otherwise Dismiss Plaintiff's Claims in Their Entirety, and henceforth place this action upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

    Respectfully submitted,
JACKSON LEWIS P.C.

/s/ Emily M. Petroski
Emily M. Petroski (P63336)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
emily.petroski@jacksonlewis.com

Dated:  September 12, 2025

4897-7758-5512, v. 1