UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WILLIAM JORDAN,                                    Case No. 1:25-cv-01079

               Plaintiff,                                    Hon.  Paul L. Maloney
                                       U.S. District Judge

     v.

PFIZER, INC.,

               Defendant.

_____/

**REPORT AND RECOMMENDATION**

## I.  Introduction

This Report and Recommendation (R. & R.) addresses Defendant's motion to dismiss and to compel arbitration.  ECF No. 2.  The R. & R. further addresses Plaintiff's motion to compel exhibit production on arbitrability.  ECF No. 14.

Plaintiff William Jordan filed this lawsuit in the Kalamazoo County Circuit Court against his former employer – Pfizer, Inc.  ECF No. 1.  On September 12, 2025, Pfizer filed a Notice of Removal based upon diversity jurisdiction.  *Id.*

Jordan alleges that he was employed in a critical engineering role beginning in 2023 and continuing until his termination in May of 2025.  ECF No. 1-1, PageID.10.  Jordan alleges he reported several safety issues and concerns, and proposals for "major innovation efforts."  *Id.*  Thereafter, Plaintiff began experiencing retaliation in the form of disciplinary write-ups, removal from projects, and the exclusion from safety conversations.  *Id.*, PageID.11.  Jordan says that one of his co-workers stated to him: "you little cocksucker" and further made

1

inappropriate sexual remarks to a female employee. *Id*. Another co-worker allegedly spread false gossip and threatened him with use of the Ombudsman. *Id*. Despite Jordan's request for intervention, no action was taken by management. *Id*. Soon after Plaintiff applied for a promotion, he was terminated from his employment.

Jordan asserts ten counts in his complaint including:  Count I – retaliation for safety, ethics, and innovation advocacy (Whistleblower Protection Act-aligned); Count II – abuse of process; Count III – conflict of interest and ethics misconduct; Count IV – negligent supervision and retention; Count V – failure to investigate, discipline, or document; Count VI – breach of implied good faith; Count VII – retaliation for executive innovation advocacy; Count VIII – wrongful termination; Count IX – defamation and credibility damage; and Count X – hostile work environment. *Id*., PageID.12.

Plaintiff asserted in his complaint that he opposes arbitration and asserts that enforcing the arbitration clause in his employment contract would result in an injustice.  He asserts that the Court should strike the arbitration clause as "unconscionable, inapplicable to the facts, and contrary to public health and safety." *Id*., PageID.15.

In the opinion of the undersigned, the parties signed a valid and binding arbitration agreement.  Therefore, it is respectfully recommended, first, that the Court grant Defendant's motion to compel arbitration and, second, that the Court deny Defendant's motion to dismiss this case, and instead stay this case while the parties go to arbitration.

## II.  Analysis

Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), and to compel arbitration.   The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).

"Although the Federal Arbitration Act requires a court to summarily compel arbitration upon a party's request, the court may do so only if the opposing side has not put the making of the arbitration contract 'in issue.'" *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 835 (6th Cir. 2021) (quoting 9 U.S.C. § 4).   The Sixth Circuit has held that a motion to compel arbitration is properly brought under Federal Rule of Civil Procedure 56(c), especially where the Court considers evidence presented by the parties.   *Id.* at 838.

The Federal Arbitration Act (FAA) provides that a party to an arbitration agreement may petition a federal court for enforcement by filing a motion to compel arbitration.   9 U.S.C. § 4.   Before granting a motion to compel arbitration, the Court must determine that (1) the parties entered into an agreement to arbitrate; (2) the asserted claims fall within the scope of the arbitration agreement; and (3) Congress did not intend for those claims to be non-arbitrable.   *Memmer v. United Wholesale Mortgage, LL.C.*, 135 F.4th 398, 404 (6th Cir. 2025).

Generally, Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Companies, LL.C.*, 747 F.3d 391, 394-395 (6th Cir. 2014).   A plaintiff must rebut the presumption "by clear implication" and with "positive assurance."   *Id.* at 395.   The Court should resolve "*any doubts as to the parties'*

*intentions in favor of arbitration."*   *Id.* (italics in original).   However, a party is not required to submit to arbitration where there was no agreement to arbitrate. *Panepucci v. Honigman Miller Schwartz,* 281 Fed. Appx. 482, 486 (6th Cir. 2008).

**1.    Agreement to Arbitrate**

On September 23, 2022, Plaintiff Jordan signed a Mutual Arbitration Agreement and agreed to arbitrate all disputes that he may have with Defendant Pfizer.   ECF No. 2-1, PageID.844.   The agreement broadly covers most claims that Plaintiff could assert against Pfizer:

**1.  Mutual Arbitration Agreement**

Except as expressly set forth in section 3, titled, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that you have now or at any time in the future may have against Pfizer and/or any of its current, former, and future parents, subsidiaries, affiliates, predecessors, successors, and assigns (collectively, the "Company"), and/or any of its or their current, former, and future officers, directors, employees, and/or those acting as an agent of the Company, or that the Company has now or at any time in the future may have against you, including claims relating to breach of contract, tort claims, wrongful discharge, discrimination and/or harassment claims, retaliation claims, claims for overtime, wages, leaves, paid time off, sick days, compensation, penalties or restitution, including but not limited to claims under the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Worker Adjustment and Retraining Notification Act ("WARN"), the Equal Pay Act ("EPA"), the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to your application for employment with the Company, and/or your employment with the Company, and/or the terms and conditions of your employment with the Company, and/or termination of your employment with the Company (collectively "Covered Claims"), are subject to arbitration pursuant to the terms of this Agreement and will be resolved by arbitration and NOT by a court or jury. THE PARTIES HEREBY FOREVER WAIVE AND GIVE UP THE RIGHT TO HAVE A JUDGE OR A JURY DECIDE ANY COVERED CLAIMS. Either party to this Agreement may make application to a court for temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration.

*Id.,* PageID.839.

One exception to arbitration under the agreement includes any claim that is precluded from arbitration by a federal statute.   *Id.,* PageID.841.   Again, this provision is consistent with the law.   The Sixth Circuit held that:

4

> While we note that this presumption in favor of arbitration can cover a broad array of employment contracts, Congress still has the power to exclude what it feels appropriate from the scope of arbitration agreements. *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). In order to determine whether a statutory claim should be arbitrated, two issues must be considered. *Id.* at 90, 121 S.Ct. 513. First, a court must examine whether the parties agreed to submit their claims to arbitration. *Id.* Second, a court must consider whether Congress "evinced an intention to preclude a waiver of judicial remedies for the statutory rights." *Id.* (citing *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.* 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

*Nguyen v. City of Cleveland*, 312 F.3d 243, 245 (6th Cir. 2002).

First, as set forth above, it is undisputed that Jordan and Pfizer agreed to arbitrate employment disputes.    However, Jordan asserts that because he is asserting retaliation and a whistleblower claims, arbitration may not be compelled under the FAA.   ECF No. 10.   He asserts that arbitration is precluded by three statutes including the Sarbanes-Oxley Act, 18 U.S.C. §1514A, the Dodd-Frank Act, 15 U.S.C. §78u-6(h)(1), and whistle blower provisions under the FDA, 21 U.S.C. §399d.

Title 18 United States Code § 1514A protects whistleblowers reporting financial fraud at publicly traded companies that violates the fraud sections of the U.S. Code at "1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders."   18 U.S.C. § 1514A(a).   Similarly, 15 U.S.C. § 78u-6(h)(1) involves whistleblower protection for the reporting of securities fraud.   In the opinion of the

undesigned, Plaintiff has not alleged facts in his complaint that could invoke these statutes.

Jordan does assert in his complaint that his whistleblower claim involves allegations of violations of 21 U.S.C. § 399d.   ECF No. 1-1, PageID.10.   That section provides:

(a) IN GENERAL

No entity engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee, whether at the employee's initiative or in the ordinary course of the employee's duties (or any person acting pursuant to a request of the employee)—

(1)  provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of any provision of this chapter or any order, rule, regulation, standard, or ban under this chapter, or any order, rule, regulation, standard, or ban under this chapter;

(2)  testified or is about to testify in a proceeding concerning such violation;

(3)  assisted or participated or is about to assist or participate in such a proceeding; or

(4)  objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this chapter, or any order, rule, regulation, standard, or ban under this chapter.

21 U.S.C. § 399d.   First, Jordan does not explain how this statute is applicable to the factual allegations that he made in his complaint.   Most importantly, however, he

points to nothing in the statute that prohibits arbitration.    In addition, the arbitration agreement expressly does not prohibit an employee from communicating, filing a charge, complaint, or claim with a federal or state agency.    ECF No. 2-1. PageID.840.

Moreover, not all whistleblower claims are excluded from arbitration.    *Bruce v. Adams & Reese, LLP*, No. 25-5210, 2026 WL 523180, at *9 (6th Cir. Feb. 25, 2026). Rather, whistleblower and retaliation claims arising out of employment disputes are the types of claims that are routinely arbitrated.    *Samaan v. Gen. Dynamics Land Sys., Inc.*, No. 11-13869, 2014 WL 4829536, at *1 (E.D. Mich. Sept. 29, 2014) (Michigan Whistleblowers' Protection Act and retaliation claims arising out of employment subject to arbitration); *United States ex rel. Grober v. Summit Med. Grp., Inc.*, No. CV 02-177-C, 2005 WL 8168970, at *2 (W.D. Ky. Sept. 30, 2005) ("Congress did not exempt FCA whistleblower-retaliation claims from the FAA, and there is no recognized basis for refusing to compel their arbitration"); *Barkai v. VHS of Michigan, Inc.*, No. 354587, 2021 WL 3574106, at *8-9 (Mich. Ct. App. Aug. 12, 2021) (Michigan Whistleblowers' Protection Act covered by arbitration clause).

Jordan argues that the arbitration agreement, particularly the delegation clause[1], is unconscionable and adhesive because he had no bargaining power with no

---

[1]    A delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. *Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 355 (6th Cir. 2022).    "[A] respondent does not challenge the delegation provision while attacking the enforceability of the arbitration agreement as a whole unless the attack is specific to language in the delegation provision." *Id.*

meaningful opportunity to review or to negotiate.    He further says that he was required to sign the agreement as a condition of employment.

Michigan contract law determines whether the parties entered into a valid and binding arbitration agreement.    *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 393 (6th Cir. 2003); *Boykin*, 3 F.4th at 839 (citing *Hall v. Pac. Sunwear Stores Corp.*, 2016 WL 1366413, at *5-*6 (E.D. Mich. Apr. 6, 2016)); *Martyn v. J.W. Korth & Co.*, No. 1:11-CV-407, 2011 WL 2144618, at *2 (W.D. Mich. June 1, 2011).    In determining whether a provision is an unenforceable contract of adhesion, Michigan applies a two-prong test of procedural and substantive unconscionability.    The test evaluates: (1) the relative bargaining power of the parties including the options available; and (2) whether the challenged term is substantively reasonable.    *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 323 (6th Cir. 1998).

> Even if the contract is adhesive under the first prong, the challenged term is still enforceable if substantively reasonable and not oppressive or unconscionable. "Thus, merely because the parties have different options or bargaining power, unequal or wholly out of proportion to each other, does not mean that the agreement of one of the parties to a term of a contract will not be enforced against him; if the term is substantively reasonable, it will be enforced. By like token, if the provision is substantively unreasonable, it may not be enforced without regard to the relative bargaining power of the contracting parties."

*Id.* (citations omitted).

"Procedural unconscionability exists when a weaker party has no 'realistic alternative' but to accept the term."    *Rayford v. Am. House Roseville I, LLC*, No. 163989, 2025 WL 2177754, at *16 (Mich. July 31, 2025) (citation omitted).    First, Jordan has failed to assert facts establishing that he could not negotiate the terms of

the arbitration clause or that he tried to negotiate the terms of the arbitration clause and Pfizer refused his demands.   The ability to negotiate terms of the arbitration clause is a factor in determining procedural unconscionability.   *Andersons, Inc.*, 166 F.3d at 325.   In other words, Jordan has failed to establish that the arbitration clause was a "take it or leave it" agreement.   *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 384 (6th Cir. 2005).   Additionally, Jordan has failed to present evidence that the arbitration clause was adhesive by asserting or showing that he was unable to find suitable employment if he refused to sign the agreement.   *Id.*

"Substantive unconscionability requires courts to analyze the reasonableness of the challenged term. A contract provision is substantively unreasonable if the inequity 'shock[s] the conscience.'"   *Rayford,* at *17.   In the opinion of the undersigned, the arbitration agreement that Jordan signed does not "shock the conscience" and Jordan has failed to show otherwise.

### 2.   Dismissal or Stay

Defendant moves to compel arbitration and for the Court to dismiss the case. Where arbitration is appropriate, the Court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.   However, authority exists for the Court to dismiss the action "when all issues raised in the complaint are arbitrable."   *Moore v. Ferrellgas, Inc.*, 533 F.Supp.2d 740, 751 (W.D. Mich. 2008).   In *Moore*, the Court explained that it serves no purpose to stay the case and retain jurisdiction where all the issues in a case must be submitted to arbitration.   *Id.*   Defendant has failed to present any meaningful

9

analysis as to why dismissal, rather than a stay, is appropriate.   The Sixth Circuit more recently stated that the Court "has no discretion to deny a stay."   *Arabian Motors Group W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021).   In that case, the Sixth Circuit reversed the district court's dismissal of the case after ordering arbitration but refused to decide whether dismissal remains an option for district courts after compelling arbitration.[2]   In the opinion of the undersigned, a stay of the case is appropriate while the matter is in arbitration.

### III.   Recommendation

Accordingly, for these reasons, it is respectfully recommended that the Court (1) grant Defendant's motion to compel arbitration and (2) stay the case.[3]

It is further recommended that the Court deny Plaintiff's motion to compel exhibits on the issue of arbitrability.[4]

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C);

---

[2]   The Sixth Circuit acknowledged that dismissal may be appropriate when the dispute is moot or suffers from a pleading or procedural defect, or when dismissal is requested by both parties, or where neither party requests a stay.   *Arabian Motors Group, W.L.L.*, 19 F.4th at 942.

[3]   It is further recommended that Court require the parties to file periodic status reports with the Court, and upon completion of the arbitration process.

[4]   Plaintiff alleges that Defendant failed to provide all the exhibits filed in the state courts and other documents from Pfizer.   Further, Plaintiff requests that the Court allow him to conduct limited depositions.   First, there is no indication that Pfizer failed to attach the complete state court complaint to the notice of removal.   Moreover, Plaintiff has not provided any reason as to why further exhibits and discovery are necessary for the Court to decide whether this dispute is subject to the arbitration agreement entered by the parties.

Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).    Failure to file timely objections constitutes a waiver of any further right to appeal.    *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).    *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    March 25, 2026                         /s/ *Maarten Vermaat*
                                          MAARTEN VERMAAT
                                          U.S. MAGISTRATE JUDGE