UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JORDAN,                            )
                        Plaintiff,         )
                                           )        No. 1:25-cv-1079
-v-                                        )
                                           )        Honorable Paul L. Maloney
PFIZER, INC.,                              )
                        Defendant.         )
                                           )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant Pfizer removed this lawsuit from state court and filed a motion to dismiss and to compel arbitration (ECF No. 2). Plaintiff William Jordan filed a motion to compel Defendant to produce all exhibits that were part of the state-court complaint (ECF No. 14). The court referred the lawsuit to the Magistrate Judge who issued a report recommending the court grant Defendant's motion to compel arbitration and deny Plaintiff's motion (ECF No. 25). Plaintiff filed objections (ECF No. 26). The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order).

1. Plaintiff objects to the order of reference to the Magistrate Judge. Plaintiff insists he did not consent to the Magistrate Judge handling substantive and dispositive matters. The court overrules this objection. The order of reference (ECF No. 7) invoked 28 U.S.C. § 636(a) and (b). When a district judge refers an action to a magistrate judge under the statute, the magistrate judge has authority to resolve non-dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A). For dispositive matters, the magistrate judge must propose findings of fact and conclusions of law with recommendations for resolution by the district judge, *id.* § 636(b)(1)(B), which must be filed on the docket and sent to all parties, *id.* § 636(b)(1)(C). Plaintiff has not identified any error of law in the order of reference. Plaintiff explicitly declined to consent to the jurisdiction of the magistrate judge under § 636(c) (ECF No. 9). The proceedings in this lawsuit have followed the statute and Plaintiff's notice of non-consent. The magistrate judge proposed findings of fact, proposed conclusions of law, and made recommendations for the outcome. This court, not the Magistrate Judge, will make the final determination.

2. Plaintiff contends the report and recommendation erred by elevating the arbitration provision over federal whistleblower protections. The court overrules this objection. Plaintiff's argument here merely expresses disagreement with the Magistrate Judge's findings. The Magistrate Judge explicitly addressed Plaintiff's argument here

explained why the various statutes Plaintiff identifies do not preclude arbitration of his dispute with Defendant.  Plaintiff has not sufficiently connected the specific provisions in federal statutes carving exceptions to arbitration to his particular dispute.

3.  Plaintiff argues that the report and recommendation mischaracterizes his lawsuit as a simple termination dispute.  The court overrules this objection.  First, this objection does not find fault with any specific or particular finding of fact or conclusion of law and, therefore, is not a proper objection.  Second, the Magistrate Judge accurately described the arbitration provision and Plaintiff did not specifically object to that portion of the report and recommendation.  The arbitration provision broadly covers "all disputes, claims, complaints, or controversies ("Claims") that you have now or at any time in the future may have against Pfizer" (ECF No. 2-1 PageID.839).  The provision does limit arbitration to claims connected with employment, from the application for employment through termination (*id.*).  Plaintiff has not established that his claims fall outside the scope the arbitration agreement.

4.  Plaintiff argues that Pfizer's litigation tactics have been abusive and have attempted to narrow this dispute to force arbitration before his whistleblower and public safety claims can be resolved by a court.  The court overrules this objection.  Again, this objection does not identify a problem with any specific or particular finding of fact or conclusion of law and is not a proper objection. Second, by signing the arbitration agreement, Plaintiff agreed that his disputes with Defendant would be resolved in arbitration rather than in a court. Plaintiff must bring his dispute with Defendant before an arbitrator.

5.  Plaintiff insists that public safety and regulatory concerns require judicial review and not arbitration.  The court overrules this objection.  Again, Plaintiff does not identify any

particular finding of fact or conclusion of that as erroneous.  Second, the Magistrate Judge addressed this issue.  Plaintiff has not identified any particular statutory provision as requiring judicial review of one of his claims.  Merely referring to a statute does not suffice.

6.  Plaintiff has not specifically objected to the findings of fact, conclusions of law and recommended disposition of his motion to compel production of exhibits.  The court notes that Plaintiff's motion does not include any affidavit or declaration about a need for the discovery.  *See* Fed. R. Civ. P. 56(d).  To the extent Plaintiff complains that the record was incomplete, he has taken the opportunity to add well over one hundred pages to the record (ECF No. 14).

For these reasons, the court **ADOPTS** the report and recommendation (ECF No. 25).  The court **GRANTS** Defendant's motion to compel arbitration (ECF No. 2) and **DENIES** Plaintiff's motion for discovery (ECF No. 14).

**IT IS SO ORDERED.**

Date:   April 7, 2026                                    /s/  Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge